NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-656

A.H.

vs.

N.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, A.H., obtained an ex parte abuse prevention order pursuant to G. L. c. 209A, on February 5, 2024.  The order was extended for one year following a two-party hearing on February 15, 2024.  The defendant appeals, contending that the order should not have been extended because A.H. failed to satisfy her burden of demonstrating that the order was necessary to protect her from the likelihood of abuse.[1]  We affirm.

Background.  The facts as alleged in A.H.'s initial affidavit and as developed at the two-party hearing are as follows.  A.H. was a second-year university student when she was contacted via direct message on social media by N.C., a man she

_____

[1] The plaintiff did not participate in this appeal.

did not know, who was not a student, and who apparently learned of her through third parties. The two began dating; however, the relationship was tumultuous. At some point, A.H.'s roommate was forced to relocate because of her fear of N.C., and the university issued a "no trespass" order against N.C. (which later was withdrawn at A.H.'s request). A.H. testified about a number of troubling incidents which demonstrated N.C.'s controlling behavior. She stated that she installed a video camera in her dormitory room at N.C.'s insistence so that he could be sure she wasn't seeing other men. According to A.H., N.C. once shot her with a pellet gun and often hit her on her head and buttocks and pinched her breasts, leaving bruises. N.C. also engaged in sexual relations with A.H. despite her informing him that he was hurting her. On one occasion, A.H. was in the car with N.C when he threatened to kill himself by speeding and crashing the vehicle. At times, A.H. attempted to end the relationship, but the two got back together. When the two were not seeing one another, N.C. would "stalk" A.H. by, among other things, following her around in his car and watching her exercise at the gym.

Discussion. We review the issuance of an abuse prevention order for an abuse of discretion or error of law. E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013). N.C. claims that the judge erred because A.H. only proved general apprehension and

2

failed to demonstrate, by a preponderance of the evidence, that she had a reasonable fear of imminent physical harm. See MacDonald v. Caruso, 467 Mass. 382, 386 (2014) (establishing plaintiff's burden). We acknowledge, as N.C. contends, that many of A.H.'s actions over the course of the relationship appear ambiguous. She, for example, at N.C.'s urging, placed the video camera in her dormitory bedroom herself; she requested that the college's "no trespassing" order be rescinded; and, most notably, only a few days before seeking the c. 209A order, she texted N.C. expressing love for him and asking to see him again. The judge also recognized this ambiguity, but nonetheless concluded that A.H. had met her burden. At the conclusion of the hearing, the judge stated:

> "[A.H.] was in fear even though she sent those messages, which are at best mixed messages. But I do not find that it means that she is not in fear of him, because all the things that he did and all the effect it had on her -- including losing weight, losing hair from the stress of the situation, other physical aspects that she described -- all point to her being in fear such that she meets the standard."

We discern no abuse of discretion or error of law in the judge's reasoning or conclusion. For the most part, N.C.'s argument boils down to the suggestion that the ambiguities in the relationship, particularly their final text exchanges (briefly discussed above), show that, in N.C.'s words, A.H.'s application "was nothing more than spiteful revenge by the Appellee for the

3

broken heart she received . . . for the relationship being over."  However, as noted, the judge concluded otherwise.  There is no basis for disturbing that conclusion, where, as here, the judge's decision to extend the order was based on her evaluation of A.H.'s credibility.  See Adoption of Larry, 434 Mass. 456, 462 (2001) ("We defer to a judge's assessment of the weight of the evidence and the credibility of the witnesses"); G.B. v. C.A., 94 Mass. App. Ct. 389, 394 (2018) ("it was ultimately up to the judge to determine the credibility of the witnesses").[2]

> Order dated February 15, 2024, extending G. L. c. 209A order, affirmed.
>
> By the Court (Vuono, Brennan & D'Angelo, JJ.[3]),

Clerk

Entered:  March 20, 2025.

---

[2] The defendant's request for appellate attorney fees is denied.

[3] The panelists are listed in order of seniority.

4